[Civ. No. 14016.   Second Dist., Div. One.   July 24, 1943.]

SAM CUDA, Respondent, v. CATHERINE GIOTTO et al.,
Appellants.

C. M. Castruccio and Horace W. Danforth for Appellants.

Hiram T. Kellogg for Respondent.

DORAN, J.—In this action, which is in the nature of a creditor's suit to enforce the collection of a judgment obtained in a previous action, the plaintiff prevailed and defendants appeal.

The record reveals that plaintiff herein filed an action in tort for damages on September 7, 1940, against defendants herein, Catherine Giotto, also known as Catherine Duce, et al., and recovered judgment in the sum of $1,250, no part of which has been paid except the sum of $28.78 which was recovered from a co-defendant. Said judgment was entered June 7, 1941, and is final. In the course of supplementary proceedings incident to plaintiff's effort to collect the judgment, it developed that defendant Catherine Duce had transferred $4,300 from an account in the bank in her own name to an account in the name of her son John Duce, by Catherine Duce, guardian.

Plaintiff alleges the foregoing in substance and further alleges that the transfer of said fund from one bank account to the other was done for the purpose of hindering, delaying and defrauding plaintiff as a judgment creditor. The money was transferred September 7, 1940. There is no dispute as to the evidence; the dispute results from the inference and conclusion reached by the trial court from a consideration thereof.

No witnesses testified at the trial. It was agreed between counsel as to what the testimony of certain individuals would be if called as witnesses.

It appears from the record that defendant Catherine Giotto's husband, Gaetano Duce, died in the year 1933; that before his death he and his wife Catherine (defendant) had opened a joint bank account which at the time of Mr. Duce's death contained the $4,300 that now is the subject of this litigation; that according to the terms of the joint bank account upon the death of either the moneys in said account became the property of the survivor. Shortly after her husband's death Mrs. Duce opened an account in the same bank in her own name to which account the monies in the joint account were transferred. From that date until the transfer to her son's account, there were no withdrawals except as shown by certain checks for the funeral expenses and doctors bills incurred during Mr. Duce's last illness. No money was ever withdrawn for the use and benefit of Mrs. Duce (defendant). Additional deposits covering the same period, i. e.: 1933 to 1940, aggregate about $530.

It also appears that shortly before Mr. Duce died he and his wife Catherine agreed that the money in the joint bank account should be preserved for the benefit of their son John. It further appears that when the action in tort, hereinbefore

mentioned, was filed, Mrs. Duce consulted Mr. Castruccio, her attorney, and after informing him of the history of the $4,300 was advised by him that in fact and in law said money was the property of her son John and should be on deposit in his name by her as guardian; that defendant thereupon transferred the money to the account of her son. The son's account had been in existence since before his father's death and at no time had contained more than $175. It too was a savings account.

The court found as a fact that defendant was the owner of the money in question and that the son John Duce had no right, title or interest therein; that the transfer of the money by defendant from one account to the other "was made with intent to delay or defraud the plaintiff and for that reason is void. . . ."

It is contended by appellants in substance and effect that the evidence fails to support the findings and in that connection, that the trial court was bound to find, in the light of the evidence, in favor of appellants. It is urged that the evidence offered in support of defendants' contention that the money in question was a trust fund, is practically conclusive.

▮ It is elementary that a court is not bound to decide in conformity with the testimony of any number of witnesses, which do not produce conviction. Obviously, the court was not convinced by the testimony of defendants' witnesses but to the contrary was persuaded by the evidence of circumstances surrounding the transaction. For example, the fact that the $4,300 bank account was not transferred from the exclusive control of appellant Catherine Duce until five days after commencement of the tort action in which respondent recovered a judgment against appellant, Catherine Duce, could have been such a circumstance. And the fact that during all of this time there existed a bank account in the son's name in which the $4,300 could have been deposited originally, also could have been such a circumstance. The disputed question was one of fact and hence addressed exclusively to the judgment of the trial court and in the light of the record, any interference with the trial court's findings and conclusions clearly would be unwarranted.

The judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied August 23, 1943.